IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARMEN J. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-197-DRH-DGW |
| | ) | |
| ALCON LABORATORIES, INC. and ALCON | ) | |
| RESEARCH, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Stay Discovery Pending Resolution of Motions to Dismiss filed by Defendants on May 10, 2013 (Doc. 18). The Motion to Stay is substantially identical to a Motion to Stay filed in *Charlene Eike, et al. v. Allergan, Inc., et al.*, 3:12-cv-1141-DRH-DGW, another proposed class action involving the manufacturers and developers of eye drops who have persisted in creating and selling eye-droppers that routinely dispense more liquid than is efficacious (Doc. 2). For the reasons set for in the Order on the Motion to stay in that case, the Motion filed in this case is similarly **DENIED**.

Defendants argue that discovery will be unduly burdensome in light of the pending motion to dismiss and that a stay would be a cost effective measure to ensure that they are not burdened with expensive discovery in a case that may be dismissed. This Court enjoys broad discretion in directing the course of discovery. *See* FED.R.CIV.P. 26; *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the filing of motions to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990).

Discovery can be stayed, however, if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery. *See Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"); *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir 1990) (approving a stay in discovery pending a ruling on qualified immunity).

Defendants' main argument is that they should not be burdened with discovery in a case where "novel" theories of liability will require substantial and expensive discovery and will most likely be dismissed for failure to state a claim. This Court has no knowledge as to the likelihood of dismissal of any of Plaintiff's claims. Neither the novelty of Plaintiff's theories nor the fact that discovery is expensive warrants a stay in this matter. Defendants argue that "hundreds if not thousands of hours" or attorney and client time will be devoted to discovery in addition to time that will be spent litigating the scope of discovery. None of these points are particularly unique to this case. The Court assumes that the parties will work efficiently in seeking discovery and complying with discovery requests and further assumes that attorneys will act reasonably in outlining the scope of discovery. Defendants have not identified any particular discovery requests that would be burdensome. For these reasons, discovery will not be stayed pending resolution of the Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED: June 24, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**