IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARMEN J. FIELDS,**

      **Plaintiff,**

**v.**

**ALCON LABORATORIES, INC., et al.,**

      **Defendants.**      No.  3:13-cv-00197-DRH-DGW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Now before the Court is defendants Alcon Laboratories, Inc. and Alcon Research Ltd.'s (collectively "defendants") motion to dismiss (Doc. 12). Defendants concurrently moved for oral argument (Doc. 14). Plaintiff Carmen J. Fields responded (Doc. 25). Defendants replied (Doc. 34). Plaintiff then moved to strike the reply (Doc. 35) and defendants responded to the motion to strike (Doc. 36).

    As a preliminary matter, the motion to strike defendants' reply brief is **DENIED.** Pursuant to the Court's Local Rules, "**[r]eply briefs are not favored and should be filed in only exceptional circumstances.**" SD Ill. L.R. 7(c) (bold in original). Here defendants indicate that extraordinary circumstances justify the reply because plaintiff's response includes additional arguments as well as an allegedly false assertion. Defendants also wish to address new Supreme Court case law (Doc. 34 at 1). The Court finds these reasons meet the Court's

requirement of exceptional circumstances. Therefore, the Court will consider Defendants' reply. However, the Court finds that oral argument is unnecessary as it has received sufficient briefing on these issues. Accordingly, the motion for oral argument (Doc. 14) is **DENIED.** For the following reasons, the motion to dismiss (Doc. 12) is **DENIED.**

## I. BACKGROUND

This is an action brought by plaintiff individually and on behalf of a class of Illinois consumers who purchased prescription eye drops for a single course of treatment manufactured and sold by defendants. In the three-count complaint filed on February 27, 2013, plaintiff asserts the following. Defendants sell prescription eye drops for short-term conditions, including bacterial conjunctivitis and post-surgical inflammation. Defendants manufacture these drops in bottles of two sizes, a larger bottle and a smaller bottle. While the smaller bottle is available to physicians as "professional samples," defendants make only the larger bottle available to consumers. Therefore, plaintiff asserts, consumers are compelled to purchase larger quantities than could be used for a single course of treatment pursuant to the indicated dosages or physicians' typical prescriptions. Plaintiff asserts that defendants' conduct constitutes an "unfair act or practice" in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 *et seq.* (the "ICFA") (Count I); unjust enrichment by the receipt of excessive and unfair payments (Count II); and money had and received by the unfair practices, ought to be returned to plaintiff and class (Count

III).

On May 6, 2013, defendants filed a motion to dismiss (Doc. 12). In their motion, defendants argue four points: 1) the ICFA excludes plaintiff's claim because plaintiff seeks changes to federally regulated products, 2) federal law preempts application of the ICFA to impose the changes to defendants' products the complaint seeks, because the changes would conflict with the U.S. Food and Drug Administration ("FDA") approvals for the products; 3) the complaint fails to allege a claim under the ICFA, because the ICFA cannot be used to regulate price; and 4) the complaint's equitable causes of action fail to state a claim.

## II. ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elc. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id.*

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal

pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotations and citations omitted).

**A. Statutory Exclusion**

Defendants first assert that the ICFA does not apply because the product has been specifically authorized by the FDA and the ICFA does not cover "actions or transactions specifically authorized by laws" (Doc. 13 at 4) (quoting 815 ILCS 505/10b(1)). Statutory exemption is an affirmative defense not normally appropriate for a Rule 12(b)(6) motion. Defendants, however, argue that statutory exemption is properly raised under Rule 12(b)(6) when it is disclosed on the face of the complaint. They further assert that this is the case here. Specifically, defendants note that plaintiff's complaint cites to the medications' FDA-approved labels, package inserts, and bottles, as well as documents from the FDA web site itself (Doc. 13 at 4 n. 2).

Plaintiff disagrees, asserting that defendants cannot prevail without offering proof that the FDA specifically authorized its withholding of smaller sizes from consumer purchase. Without addressing the specific authorization argument, upon a thorough review of the complaint, the Court agrees with plaintiff's underlying assertion that the affirmative defense does not appear clearly on the

face of the complaint. *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.") Therefore the Court will not address this affirmative defense at this time.

**B. Federal Preemption**

Defendants next argue that plaintiff seeks application of the ICFA in such a manner that would require changes that are not allowed under the FDA approvals for the products in question (Doc. 13 at 7). Defendants rely on the Supreme Court's decision in *Mensing*, asserting that the case establishes that state law claims are preempted where the defendant lacks unilateral authority under federal law to comply with an alleged state law requirement (Doc. 13 at 8). *PLIVA, Inc. v. Mensing,* 131 S.Ct. 2567 (2011). Specifically, defendants argue that the FDA requires prior agency approval for any substantial change to a product ("major changes"). These "major changes," they assert, include the quantitative formulation of the drug product and the specifications provided in the approved application (Doc. 13 at 9) (citing 21 C.F.R. § 314.70(b)(2)(i), (ii)). Defendants further rely on FDA Guidance to suggest that a major change requiring approval includes a change in the fill volume (Doc. 13 at 9) (citing FDA Guidance for Industry, Changes to an Approved NDA or ANDA, Questions and Answers (January 2001) at 9).

Plaintiff responds asserting that defendants have not met their "demanding" burden of proving that smaller volumes of medication would require changes not allowed under the FDA because the FDA has already given its approval for smaller product sizes. Defendant replies to this assertion, indicating that 1) federal law prohibits defendants from selling the products in a different bottle size with a different fill volume than currently approved for sale, and 2) federal law expressly and unambiguously prohibits the sale of sample bottles to consumers.

The Supremacy Clause establishes that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. Conflict preemption arises where "it is *impossible* for a private party to comply with both state and federal requirements." *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 133 S.Ct. 2466, 2473 (2013) (emphasis added) (internal quotation marks omitted). Conflict may also arise when "the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hillman v. Maretta*, 133 S.Ct. 1943, 1950 (2013) (internal quotation marks omitted). Federal preemption is an affirmative defense upon which the defendants bear the burden of proof. *Village of DePue, III v. Exxon Mobil Corp.*, 537 F.3d 775, 786 (7th Cir. 2008). "The question for 'impossibility' is whether the private party could independently do under federal law what state law requires of it." *Mensing*, 131 S.Ct. at 2579 (citing *Wyeth,* 555 U.S. at 573 (finding no pre-emption where the defendant could "unilaterally" do what state law required)).

Upon initial review, the Court finds that there remain questions of fact yet to be determined and that the record needs to be further developed. The Court further concludes that plaintiff has provided defendants with sufficient notice of a plausible claim to survive a motion to dismiss.

## C. Count I: ICFA

Defendants next assert that plaintiff fails to allege a cognizable claim under the ICFA because plaintiff has not alleged a deceptive or unfair practice (Doc. 13 at 12), plaintiff fails to allege that defendants intended that plaintiff rely on the unfair practice (Doc. 13 at 16), and plaintiff has not pled that she sustained an actual injury proximately caused by defendants products (Doc. 13 at 16). To allege a claim for an ICFA violation, plaintiff must assert: (1) a deceptive act or practice by the defendants, (2) the defendants' intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception. *De Bouse v. Bayer*, 235 Ill.2d 544, 550 (2009).

The statute provides redress not only for deceptive business practices, but also for business practices that, while not deceptive, are unfair. *See Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). To determine whether a business practice is unfair, the Court considers "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Id.* at 961. "All three criteria do not need to be satisfied to support a finding of

unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* Unfairness under the ICFA "depends on a case-by-case analysis." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). "Because neither fraud nor mistake is an element of unfair conduct under [the ICFA], a cause of action for unfair practice under the [ICFA] need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008).

The Court finds that plaintiff has set forth the necessary elements for an ICFA claim. The complaint clearly alleges an unfair practice, that defendants sell their products for single courses of treatment "only in a form and in quantities that they know greatly exceed the amount needed by the consumer and will inherently lead to wastage of expensive medication through no fault of the consumers" (Doc. 2 at 3). In so alleging, plaintiff relies heavily on public policy, specifically the Federal Trade Commission's Unfairness Policy Statement.[1] Plaintiff also alleges that "[t]here is no valid reason why Defendants do not fill each vial of the subject medications with a smaller amount of medication" (Doc. 2 at 5) and that defendants acted "intentionally, willfully, knowingly and maliciously" (Doc. 2 at 10). Finally, plaintiff alleges that she was proximately and substantially injured "in the form of the amount she paid for medication that could not be used because the container was filled with substantially more

---

[1] FTC Policy Statement on Unfairness, Appended to *In the Matter of International Harvester Company*, 104 F.T.C. 949, 1070 (1984), *available at* http://www.ftc.gov/ftc-policy-statement-on-unfairness (codified at 15 U.S.C. § 45(n)).

medication than needed to complete her course of treatment" and that similar damage was caused to other members of the class (Doc. 2 at 10). The Court therefore finds the complaint sufficient to put defendants on notice regarding her ICFA claim and to withstand the motion to dismiss.

### D. Count II: Unjust Enrichment

Defendants' sole argument regarding plaintiff's unjust enrichment claim is that "[b]ecause Plaintiff fails to state a claim under the ICFA, her unjust enrichment claim must also be dismissed" (Doc. 13 at 19). The Court has not dismissed plaintiff's ICFA claim. Furthermore, plaintiff plaintiff has sufficiently alleged a theory of unjust enrichment based on defendants' alleged unfair conduct under the ICFA. Specifically, plaintiff alleges:

> 52. Defendants were enriched by the receipt of excessive and unfair payments because of the deceptive and unfair activities alleged herein.
> 53. As a result, Defendants were enriched at the expense of Plaintiff and the Class.
> 54. Allowing Defendants to retain the monies they received from these payments would be unjust. (Doc. 2 at 11)

Therefore this count also survives review.

### E. Count III: Money Had and Received

Defendants assert that plaintiff fails to state a claim for money had and received. To establish a claim for money had and received, a plaintiff must allege that: (1) she was compelled to pay money to defendant; (2) defendant had no legal right to demand money; and (3) payment was necessary in order to avoid an injury to her business, person, or property. *Butitta v. First Mortg. Corp.*, 218 Ill.App.3d 12, 15 (1st Dist. 1991). "An action for money had and received is

maintainable where defendant has received money which in equity and good conscience belongs to the plaintiff. The cause of action is one that is maintainable to recover money either under the theory of an implied contract or under the theory of a quasi contractual obligation." *Kaiser v. Fleming*, 735 N.E.2d 144, 147 (2000). In the complaint, plaintiff incorporates her prior allegations and states, "Defendants have received money from Plaintiff and Class by the unfair practices alleged herein, which in equity and good conscience ought to be returned to Plaintiff and Class" (Doc. 2 at 11). The Court finds that plaintiff has sufficiently pled the elements of money had and received. She indicates that she and others were compelled to pay for more medication than was necessary, that defendants received this money, and that the receipt of this money is unjust given the unfair practice under which it was obtained. This is sufficient to survive review.

### III. CONCLUSION

Accordingly, defendants Alcon Laboratories, Inc. and Alcon Research, Ltd.'s motion to dismiss (Doc. 12) is **DENIED**, defendants' motion for oral argument (Doc. 14) is **DENIED**, and plaintiff Carmen J. Field's motion to strike the reply (Doc. 35) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 18th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.18
13:53:32 -05'00'

**Chief Judge
United States District Court**